RECEIVED
IN LAKE CHARLES, LA
MAY 26 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHESTER C. GRIFFITHS** | : | **DOCKET NO. 2:09-cv-58** |
| | | **SECTION P** |
| **VS.** | : | **JUDGE MINALDI** |
| **SALVADOR VILLALON, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Chester Griffiths filed a civil rights Complaint in the above-captioned matter on January 13, 2009. Doc. 1. On May 11, 2009, the court ordered plaintiff to amend his Complaint to cure deficiencies before the court determines the proper disposition of his claims. Doc. 5.

On May 19, 2009, plaintiff filed a Motion to Hold Complaint in Abeyance. Doc. 6. In his motion, plaintiff informs the court that he administratively filed a tort claim with the Federal Bureau of Prisons on December 18, 2008. *Id.* at 1. With regard to the relief sought, plaintiff notes, "[a]s a requirement in exhausting all administrative remedies, Mr. Griffiths would like to wait for the outcome of the tort claim before pursuing this matter in court." *Id.* at 2.

According to 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act (effective since April 26, 1996): "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Although the Supreme Court has held that inmates "are not required to specially plead or demonstrate exhaustion in their complaints," failure to exhaust remains an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215-16, 127 S. Ct. 910, 921, 166 L. Ed. 2d. 798. The Fifth Circuit has continued to uphold summary judgment in favor

of defendants when a prisoner asserts a civil rights action prior to exhausting administrative remedies. *Parker v. Cain*, 283 Fed. Appx. 257, 258 (5th Cir. 2008) ("Competent summary judgment evidence established, and there is no competent summary judgment evidence to the contrary, that Parker did not exhaust his administrative remedies prior to filing this action. Accordingly, the district court's judgment [granting summary judgment] is AFFIRMED.").

In accordance with the above, the court may not order that plaintiff specifically plead or demonstrate exhaustion of administrative remedies. However, plaintiff's motion makes clear that he has failed to exhaust administrative remedies prior to filing the instant civil rights action. Moreover, the law is clear that a failure to exhaust administrative remedies prior to filing remains a viable affirmative defense. Thus, whether plaintiff's Complaint is held in abeyance or not, the court may not dismiss it *sua sponte* for failure to exhaust. Additionally, regardless of whether the court holds the petition in abeyance, defendants may seek summary judgment on the basis of failure to exhaust.

Accordingly, it is ORDERED that plaintiff's Motion to Hold Complaint in Abeyance [doc. 6] is DENIED.

IT IS FURTHER ORDERED that plaintiff is granted an additional thirty (30) days from the date of filing of this order to cure the deficiencies outlined in this court's order of May 11, 2009 [doc. 5].

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 26th day of May, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE