## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| CHESTER C. GRIFFITHS<br>    FED. REG. NO. 10490-014 | CIVIL ACTION NO. 09-0058<br>SECTION P |
| VS. | JUDGE MINALDI |
| DR. SALVADOR VILLALON, ET AL. | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Chester C. Griffiths, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1] on January 13, 2009. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO) and he complains that he was denied prompt and appropriate medical care by the defendants – FCIO Clinical Director Salvador Villalon, M.D., FCIO Health Service Administrator Xiomara Schuman, and FCIO Warden Joe Young.[2] Plaintiff prays for injunctive relief (that he be fed a proper diet) and compensatory, punitive, and nominal

---

[1] In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983. For purposes of this ruling, it is assumed that all of the defendants are agents or employees of the federal government.

[2] Plaintiff's original complaint also named Marshal Hughes of the United States Marshals Service and contracting agents, Joel Alexandre, M.D., Rafael Frias, Physician's Assistant, Hector Torres, Physician's Assistant and Jyoti B. Ganji, M.D. These parties were not discussed or included in his amended complaint. The court's memorandum order instructed plaintiff to amend his complaint to support his claims against these parties. The court construes plaintiff's failure to include these parties as defendants in his amended complaint as a dismissal of those claims.

damages.[3] Plaintiff's original complaint was insufficient in several aspects. Thus, on May 11, 2009, this court issued a memorandum order instructing plaintiff to amend his complaint. Doc. 5. Plaintiff did so on May 29, 2009. Doc. 8.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**Background**

In 2006, plaintiff was arrested in Maryland and charged with possession with intent to distribute marijuana. On September 20, 2006, plaintiff obtained an order which directed the United States Marshal, who then had custody of the him, to provide a medical evaluation and appropriate treatment. Doc. 1, ¶ 1-3; Doc. 1-3, at 2; *see also United States v. Chester Griffiths*, 1:06-cr-00388 (Dist. of Md), at rec. doc. 10. According to plaintiff, the Marshal did not comply with the order during the time he was in the Marshal's custody from June 2006 to June 2007. Doc. 1, ¶ 4. Plaintiff pled guilty and on May 11, 2007, he was sentenced to serve 180 months in the custody of the BOP. *United States v. Chester Griffiths*, 1:06-cv-00388, at rec. doc. 17.

According to plaintiff, he entered BOP custody at FCIO on June 15, 2007. Doc. 1, ¶ 5. He immediately complained to medical and detail staff at FCIO about his medical condition and about the prison diet, which he claims exacerbated his condition. Plaintiff states that he saw a physician's assistant and was scheduled to see the doctor. In July 2007, plaintiff met with defendant Villalon, who prescribed him medication. Plaintiff

---

[3]Plaintiff claims that he filed claims pursuant to the Federal Tort Claims Act (FTCA) against the U.S. Marshals Service and the BOP. He claims to have provided proof of those filings, however, he neglected to provide the documentation and a review of the U.S. Courts' PACER database reveals no other civil litigation involving the plaintiff.

claims that his condition worsened and that he filled out sick call slips each week. Nevertheless, plaintiff states that defendants Xiomara Schuman (Health Service Administrator), Salvador Villalon, M.D. (Clinical Director) and Warden Joe P. Young did not arrange for diagnostic tests until almost one year later. Doc. 1, ¶ 5.

Defendant Villalon referred plaintiff's case to a specialist for diagnostic testing, and on May 22, 2008, plaintiff was examined by Dr. Jyoti B. Ganji, a physician in Alexandria. Dr. Ganji performed diagnostic tests and recommended a laparascopic cholecystectomy with cholangiography. Doc. 1-3, Exh. 2, at 3-4. Those procedures were apparently performed in August 2008 and defendant Villalon noted that plaintiff should not eat greasy, spicy food. Doc. 1-3, Exh. 3, at 5. Plaintiff complains that even after this recommendation, no orders were given to food service, and that defendants Schuman and Villalon told him that there was not a bland diet available for him at Oakdale and that he may have to be transferred to a federal medical facility.

Plaintiff made formal written complaints to defendants Young and Villalon concerning medical treatment and diet to no avail. His appeals were denied at both the regional and national levels of the BOP. Doc. 1-3, Att. 1-3. One such response, dated September 29, 2008, noted:

> You contend you have not received a recommended surgical procedure or an appropriate diet. Our review of this matter reveals that the Warden and Regional Director have adequately addressed your concerns. . . . [Y]ou have been evaluated and treated for abdominal pain. You were prescribed appropriate medication and were advised to avoid spicy foods and instructed to not eat two hours prior to sleep. You were evaluated by a consultant specialist, who recommended laparoscopic cholecystectomy surgery. Following the evaluation, you were provided instructions on diet as tolerated and continuation of previous medications. On August 27, 2008, you underwent

> laparoscopic cholecystectomy surgery. You received appropriate post-surgical nutritional supplements and medication. During the pre-surgical examination, you were noted to be well nourished. The Clinical Director will continue to evaluate your condition and determine the appropriate treatment plan. You are encouraged to attend sick call if your condition changes.

## Law and Analysis

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II. *Bivens* Action/ 42 U.S.C. §1983

As noted, plaintiff has filed a *Bivens* action. According to the Fifth Circuit, a *Bivens* action is analogous to an action under § 1983 and the analysis pursuant to § 1983 action applies to a *Bivens* action. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

4

The difference between a § 1983 and a *Bivnes* action is that § 1983 applies to constitutional violations by state officials, while a *Bivens* action applies to federal officials. *Id.*

Section 1983 and *Bivens* proscribe conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, an initial inquiry in this lawsuit is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable *Bivens* claim. In order to hold the defendants liable, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state viable claims. His amended complaint cured some but not all of the noted deficiencies. Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

### III. Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Tex.*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998). In *Woodall . Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his

6

medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather*, 958 F.2d. 91. Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather,* 958 F.2d 91.

In the instant case, the facts alleged in the complaint indicate that plaintiff received medical treatment, including various examinations, prescriptions for medications, and surgery. Plaintiff's allegations, at most, state a disagreement between himself and the medical care providers concerning the procedures to treat his medical condition. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's claim for inadequate medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**IV. Supervisory Liability**

Plaintiff sued Warden Young. In the court's May 11, 2009 order, Plaintiff was advised that his claims did not establish liability on the part of the warden. Doc. 5. Plaintiff's subsequent filing did not remedy that defect.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Tex. Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal

involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by this defendant.

Further, to the extent that plaintiff complains that Warden Young did not respond to his grievances, plaintiff has not made an allegation that implicates the Constitution. "[W]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637 (W.D. La. 2000) (citing *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991)). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that defendant Young did not have a duty to take action with regard to plaintiff's grievances. Consequently, any argument by plaintiff that the failure answer his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

## CONCLUSION

In accordance with the foregoing, **IT IS RECOMMENDED** that plaintiff's civil rights Complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Servs. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed in chambers in Lake Charles, Louisiana, this 29th day of August, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE